Edward M. Saltzman, Esq. Corporation Counsel, Port Chester
You ask whether a village is authorized to enact a local law permitting the placement on cars that have been cited for three or more traffic violations of a "boot" or "locking device" that renders the car immobile. You also ask whether the local law may be applied to both State and out of State residents.
Villages by local law, order, rule or regulation may prohibit, restrict or limit the stopping, standing or parking of vehicles (Vehicle and Traffic Law, § 1640 [6]). Unattended vehicles may be removed and stored when parked where stopping, standing or parking is prohibited or where they are obstructing taffic (id., § 1640 [14]). Villages may establish other reasonable standards with respect to traffic as local conditions may require (id., § 1640 [16]). We believe that there is little difference in effect between the impoundment of a vehicle and the attachment of a boot. Both serve to withdraw temporarily the beneficial use of the vehicle. The use of a boot could be viewed as a necessary part of local traffic regulations required to deal with specific local conditions (ibid.). In addition to the broad authorization to regulate parking under section 1640, we believe that a village, consistent with section 1640, could in exercising its police power adopt a local law authorizing the use of a "boot" on certain vehicles found in violation of traffic regulations (Municipal Home Rule Law, § 10 [1] [ii] [a] [12]).
A central issue in a case testing the validity of a local parking regulation authorizing the use of a "boot" (Baker v City of Iowa,260 N.W.2d 427, 430-431 [Iowa, 1977]), and in several other cases involving challenges to local parking regulations authorizing the impoundment of vehicles (Remm v Landrieu, 418 F. Supp. 542, 545-546 [ED La, 1976]; Bricker v Craven, 391 F. Supp. 601, 604-606 [D Mass, 1975];Graff v Nicholl, 370 F. Supp. 974, 982-983 [ND Illinois, 1974]), was whether procedural due process under the United States Constitution (14th
Amendment) requires an opportunity for a hearing prior to the seizure of a vehicle. In each of these cases a determination rested upon the application of the test enunciated by the United States Supreme Court inFuentes v Shevin (407 U.S. 67, 90-92 [1971]). The seizure must be directly necessary to secure an important governmental or general public interest (ibid.). There must exist a special need for very prompt action (ibid.). Finally, the State must retain strict control over the seizure (ibid.). If these criteria are met, a State may immediately seize a property interest, and postpone notice and hearing until some later date after seizure (Calero-Toledo v Pearson Yacht Leasing Co., 416 U.S. 663,678-680 [1974]).
The seizure of a vehicle serves a significant governmental interest by assisting in the enforcement of traffic regulations (Baker v City ofIowa, supra; Remm v Landrieu, supra; Bricker v Craven, supra). Public safety and convenience normally require the prompt removal of illegally parked vehicles (Remm v Landrieu, supra). Where circumstances do not warrant prompt seizure of a vehicle, postponement of notice and hearing is impermissible (Graff v Nicholl, supra). Inability after reasonable efforts to learn the name and address of the vehicle owner dictates the need for prompt seizure action, for otherwise the violator will drive away (Baker v City of Iowa, supra). The third prong of the Fuentes test is met if the public body retains strict control over the application of the seizure law and implementation of the seizure process (Baker v Cityof Iowa, supra; Remm v Landrieu, supra).
In Bricker v Craven, supra, 603-604, the Court responded to a claim of denial of equal protection on the grounds that plaintiff, who registered his car out of state, was not served with a summons prior to seizure as was the custom with respect to Massachusetts registrants. The Court distinguished out-of-state registrants by noting the difficulty of enforcing a summons against them and the difficulty and expense of identification and service (ibid.). It was concluded that these distinctions justified different treatment (ibid.). In essence the court found impoundment to be a particularly effective tool against an out-of-state registrant. As was previously noted, there is little difference in effect between the attachment of a "boot" and impoundment.
We believe that a local law authorizing impoundment or the use of a boot should permit the owner to reclaim his vehicle upon the posting of a bond as security for any fines or charges (see Baker v City of Iowa, supra;Bricker v Craven, supra). This serves the governmental interest of enforcing its regulations while allowing return of the vehicle.
We conclude that a village by local law may authorize the attachment of a "boot" or locking device on certain vehicles found in violation of parking regulations. Such a local law may be applied to vehicles registered in New York State and those registered in other states.